**Raymond C. MILLER, Plaintiff,**

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONS; P. Warner, Corr. Officer; Mr. Figerola, Corr. Officer; and C. Greiner, Superintendent, Defendants.**

**No. 97CIV4925RMBMHD.**

United States District Court, S.D. New York.

May 1, 2002.

2. 29 C.F.R. § 2520.102–3(1), 29 C.F.R. § 2520.102–3(j)(1).

Raymond C. Miller, Pro se, for plaintiff.

George Anthony Alvarez, New York State Attorney General's Office, for defendant.

### ORDER

BERMAN, District Judge.

## I. Background

On or about May 8, 2000, defendants New York State Department of Correctional Services ("DOCS"), Charles Greiner, Superintendent of Sing Sing Correctional

Facility ("Greiner"), Corrections Officer Peter Warner ("Warner"), and Corrections Officer Albert Figueroa ("Figueroa") (collectively, "Defendants") moved for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 56(c).[1] On or about June 26, 2000, *pro se* plaintiff Raymond C. Miller ("Plaintiff") opposed summary judgment.

On March 4, 2002, Magistrate Judge Michael H. Dolinger, to whom the matter had been referred, issued a report ("Report") recommending that Defendants' motion be granted and that Plaintiff's Amended Complaint, dated January 26, 1999, alleging claims under 42 U.S.C. § 1983 ("Section 1983 claims") be dismissed without prejudice due to Plaintiff's failure to exhaust his administrative remedies. Report at 2. On March 20, 2002, Defendants filed objections to the Report ("Defendants' Objections") contending that the Amended Complaint should be dismissed with prejudice. As of this date. Plaintiff has neither filed objections to the Report nor responded to Defendants' Objections.

## II. Standard of Review

A district court may adopt those portions of a Magistrate's report to which no "specific, written objection" is made as long as those sections are not clearly erroneous. Fed.R.Civ.P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). "Where a party makes a 'specific written objection' . . . the district court is required to make a *de novo* determination regarding those parts of the report." *Cespedes v. Coughlin,* 956 F.Supp. 454, 463 (S.D.N.Y.1997).

Under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e ("PLRA"):

---

1. Although Defendants, collectively, moved for summary judgment, only Defendant Greiner appears to have answered the Amended Complaint.

(a) No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted.

\*　　\*　　\*　　\*　　\*　　\*

(c) ... (2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e.

### III. Analysis

The Court has reviewed the Report, the record herein, and applicable legal authorities, along with Defendants' Objections. It concludes, with one exception noted below, that the Report should be affirmed.

■ It is undisputed that Plaintiff has failed to exhaust his administrative remedies.[2] Report at 4–5. Therefore, Magistrate Dolinger's recommendation that the Amended Complaint be dismissed without prejudice is sound. *See Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002) (The PLRA's exhaustion requirement, 42 U.S.C. § 1997e(a), "applies to all inmate suits about prison life."); *Neal v. Goord,* 267 F.3d 116, 123 (2d Cir. 2001) (dismissing without prejudice because "failure to exhaust administrative

remedies is usually a 'curable, procedural flaw' that can be fixed by exhausting those remedies and then reinstituting the suit") (citation omitted).

■ At the same time, under the PLRA, Defendants are entitled to dismissal with prejudice with respect to DOCS because DOCS is immune from suit. 42 U.S.C. § 1997e(c)(2). "[I]n the absence of consent, any claims against the State or one of its agencies or departments ... are proscribed by the Eleventh Amendment [to the United States Constitution]." *Dube v. State University of New York,* 900 F.2d 587, 594 (2d Cir.1990) (citations and quotation marks omitted).[3]

With respect to Plaintiff's remaining claims, the Court cannot say they are, "on [their] face, frivolous [or] malicious" or that they "fail[ ] to state a claim upon which relief can be granted, or seek[ ] monetary relief from a defendant who is immune from such relief."[4] 42 U.S.C. § 1997e(c)(2); *see Melo v. Combes,* No. 97 Civ. 0204, 1998 WL 67667, at \*5 (S.D.N.Y. Feb. 18, 1998); *Coronado v. Goord,* No. 99 Civ. 1674, 2000 WL 1372834, at \*9 (S.D.N.Y. Sept.25, 2000); *see also Howard v. Headly,* 72 F.Supp.2d 118, 125 (E.D.N.Y.1999).

### IV. Conclusion and Order

The Court incorporates Magistrate Dolinger's Report [56] by reference (except as noted) and, for the reasons stated therein and herein, grants in part and denies in

---

**2.** And, Defendants have stated that "they do not desire to waive any affirmative defenses," including the failure to exhaust administrative remedies. Defendants' letter to the Court, dated April 24, 2002.

**3.** In addition, DOCS has not apparently been properly served with a summons or the Amended Complaint. *See* Defendants' Objections at 1. "Because the 120–day period in

which to serve has long since expired." DOCS could also be dismissed for failure to serve. *Showers v. Eastmond,* No. 00 Civ. 3725, 2001 WL 527484, at \*1, n. 2 (S.D.N.Y. May 16, 2001).

**4.** At the same time, the Court is not here ruling on the ultimate merit of Plaintiff's claims.

part Defendants' motion for summary judgment [48]. The Amended Complaint is dismissed against DOCS with prejudice and against Warner, Figueroa, and Greiner without prejudice. The Clerk is respectfully requested to close this case.